UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIANA MILES,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 22-5195 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br>    Defendant | SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant United Services Automobile Association ("USAA")[1] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff does not oppose the motion. For the following reasons, Defendant's motion is **GRANTED.**

### BACKGROUND

Plaintiff Diana Miles sues Defendant for breach of contract and other Louisiana statutory violations claiming USAA failed to honor its insurance obligations to Plaintiff following property damage caused by Hurricane Ida.[2] Plaintiff asserts the basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.[3] In her complaint, Plaintiff asserts she is a citizen of Louisiana.[4] Plaintiff alleges Defendant is a corporation organized under the laws of Texas with its principal place of business in San Antonio, Texas.[5] However, in its motion to dismiss, Defendant asserts it is a "reciprocal insurance

---

[1] R. Doc. 19.
[2] R. Doc. 1 at ¶¶ 6-17.
[3] *Id.* at ¶ 3.
[4] *Id.* at ¶¶ 1, 3.
[5] *Id.* at ¶¶ 2-3.

1

organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes."[6] Plaintiff does not oppose this assertion.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[7] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[8] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[9] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[10] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[11] "Moreover, courts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists."[12] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[13]

## LAW AND ANALYSIS

Plaintiff in this case has failed to establish this Court has subject-matter jurisdiction based on diversity of citizenship. The citizenship of Plaintiff is not different

---

[6] R. Doc. 19-1 at 2.
[7] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[8] 28 U.S.C. § 1332(a).
[9] *See* FED. R. CIV. P. 12(b)(1).
[10] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[12] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[13] *Id.*

from the citizenship of the Defendant. Plaintiff's complaint states she is a Louisiana citizen[14] and Defendant is also a citizen of Louisiana.[15] Several federal courts have held that USAA is a "reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes."[16] Accordingly, both parties are citizens of Louisiana and the complete diversity requirement of 28 U.S.C. § 1332 is not satisfied. The Court thus lacks statutory or constitutional power to adjudicate the case.

## CONCLUSION

**IT IS ORDERED** that the Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.[17]

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant USAA is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 14th day of September, 2023.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 1 ¶¶ 1, 3.
[15] R. Doc. 19-1 at 2.
[16] R. Doc. 19-1 at 2 (citing *Fields v. Progressive Cas. Ins. Co.*, 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022), report and recommendation adopted, 21-477, 2022 WL 323968 (M.D. La. Feb. 2, 2022) (citation omitted) ("Because USAA is a citizen of every state, including Louisiana, it is not diverse from Plaintiff."); *Cruz v. United Servs. Auto. Ass'n*, 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) (granting a motion to dismiss because the plaintiff and USAA were both citizens of Louisiana); *Drake v. United Servs. Auto. Ass'n*, 19-13724, 2020 WL 6262996, at *1-2 (E.D. La. Feb. 28, 2020) (granting a motion to dismiss based on lack of complete diversity where a plaintiff's incorrect allegation regarding USAA's citizenship was insufficient to confer subject matter jurisdiction); *Ourso v. United Servs. Auto. Ass'n*, 06-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007) (granting motion to dismiss based on lack of diversity between a Louisiana plaintiff and USAA); *Norton v. Gurley*, 00-1704, 2000 WL 1408168, at *1 (E.D. La. Sept. 25, 2000) (granting motion to dismiss for lack of diversity and holding that USAA is an unincorporated association with members in Louisiana, making it a citizen of Louisiana for diversity purposes)).
[17] R. Doc 19.